Gladys Liduvina Rodriguez PENA, Petitioner,

v.

John ASHCROFT, Attorney General, Respondent.

No. 02–72098.
Agency No. A76–355–292.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 4, 2004.

Decided March 10, 2004.

Gladys Liduvina Rodriguez Pena, Los Angeles, CA, pro se.

Lana Vernon, Esq., Mayer, Brown, Rowe & Maw LLP, Los Angeles, CA, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Los Angeles District Counsel, Office of the District Counsel, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, Terri J. Scadron, Esq., Stephen J. Flynn, Hillel Smith, DOJ–U.S. Department of Justice, Washington, DC, for Respondent.

Before SILVERMAN, GOULD, and BEA, Circuit Judges.

## MEMORANDUM *

Gladys Liduvina Rodriguez Pena, a native and citizen of Guatemala, petitions for review of the decision of the Board of Immigration Appeals ("BIA") affirming the immigration judge's denial of asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We review the BIA's factual findings under the substantial evidence standard. *INS v. Elias–Zacarias*, 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). We deny the petition for review.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Rodriguez Pena contends that her evidence compels a finding that she suffered past persecution by anti-government guerrillas on account of imputed political opinion. We disagree.

Rodriguez Pena testified that guerrillas threatened her and her children with death if she did not convince her former companion, who was employed by the Guatemalan government as an air traffic controller, to work for them. Rodriguez Pena testified that the guerrillas wanted her companion to help them, but did not know what kind of help the guerrillas wanted. Rodriguez did not say anything to the guerrillas when they confronted her.

Rodriguez Pena's refusal to cooperate with the guerrillas is insufficient to show that the threats were on account of an actual or imputed political opinion. *Elias–Zacarias*, 502 U.S. at 481–82, 112 S.Ct. 812 (rejecting claim that resistance to forced recruitment necessarily constitutes expression of hostile political opinion). Moreover, the fact that her former companion was employed by the government does not "impl[y]" that the guerrillas believed [Rodriguez Pena] to hold political beliefs contrary to their own." *Cruz–Navarro v. INS*, 232 F.3d 1024, 1030 (9th Cir.2000) (holding that police officer failed to provide evidence that guerrillas sought to harm him on account of imputed political opinion); *Molina–Estrada v. INS*, 293 F.3d 1089, 1094–95 (9th Cir.2002) (finding no evidence that guerrillas attacked petitioner's family on account of an imputed political opinion based on father's military position). Accordingly, substantial evidence supports the BIA's finding that Rodriguez Pena was not harmed on account of political opinion:[1]

1. Although we agree with Rodriguez Pena that the IJ failed to make an explicit negative credibility finding, we do not remand in light of our holding on the merits of her asylum claim.

In failing to qualify for asylum, Rodriguez Pena necessarily failed to satisfy the more stringent standard for withholding of removal. *See Alvarez Santos v. INS,* 332 F.3d 1245, 1255 (9th Cir.2003).

PETITION DENIED.

---

[*] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.